United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Timothy D Williams  
    Debtor

Case No. 19-15679-amc  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2    User: Stacey    Page 1 of 1    Date Rcvd: Jul 30, 2020  
                 Form ID: pdf900    Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 01, 2020.  
db          +Timothy D Williams,    1305 Bath Road,    Bristol, PA 19007-2812

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
smg          E-mail/Text: megan.harper@phila.gov Jul 31 2020 04:51:46    City of Philadelphia,  
         City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,  
         Philadelphia, PA 19102-1595  
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 31 2020 04:51:25  
         Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,  
         Harrisburg, PA 17128-0946  
smg          +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jul 31 2020 04:51:43    U.S. Attorney Office,  
         c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404  
                                                                                                TOTAL: 3

             ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 01, 2020                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 30, 2020 at the address(es) listed below:  
         DAVID M. OFFEN    on behalf of Debtor Timothy D Williams dmo160west@gmail.com,  
         davidoffenecf@gmail.com;offendr83598@notify.bestcase.com  
         KEVIN G. MCDONALD    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com  
         REBECCA ANN SOLARZ    on behalf of Creditor    PENNYMAC LOAN SERVICES, LLC bkgroup@kmllawgroup.com  
         SCOTT F. WATERMAN (Chapter 13)    ECFMail@ReadingCh13.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
                                                                                                    TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Timothy D. Williams<br>_Debtor_<br><br>PENNYMAC LOAN SERVICES, LLC<br>_Movant_<br>vs.<br><br>Timothy D. Williams<br>_Debtor_<br>Isabelle Williamson<br>_Co-Debtor_<br><br>Scott F. Waterman, Esquire<br>_Trustee_ | CHAPTER 13<br><br>NO. 19-15679 AMC<br><br>11 U.S.C. Sections 362 and 1301 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$15,440.90,** which breaks down as follows;

| Post-Petition Payments: | October 2019 through July 2020 at $1,544.09/month |
|---|---|
| **Total Post-Petition Arrears** | **$15,440.90** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

   a) Debtor shall obtain a trial modification by September 1, 2020.

   b) Debtor shall obtain a permanent modification by December 31, 2020.

3. Additionally, beginning on August 1, 2020, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.  In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.  In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8.  The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.  If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date:   July 24, 2020                       By: /s/ Rebecca A. Solarz, Esquire
                                               Attorney for Movant

Date: _July 27, 2020_____                 /s/ David M. Offen, Esquire, for
                                            _____
                                            David M. Offen, Esquire
                                            Attorney for Debtors

Date: *July 28, 2020*                                /s/ *Polly A. Langdon, Esquire, for*
                                                     Scott F. Waterman, Esquire
                                                     Chapter 13 Trustee


Approved by the Court this _____ day of _____, 2020.  However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan

**Date: July 30, 2020**